### CLYDE KENNEDY V. THE STATE.

No. 7178.   Delivered November 15, 1922.

Rehearing denied November 12, 1924.

**Transporting Liquor—Bills of Exception—Must be Filed in Time.**

The bills of exception in this cause were not filed within the time prescribed in Art. 845 C. C. P., and cannot be considered.

Appeal from the District Court of Jackson county. Tried below before the Hon. Jno. M. Green, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*W. W. McCrory* and *W. P. Linden,* for appellant.

*Tom Garrard,* State's Atttorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of liquor. Punishment, one year in the penitentiary.

The trial term of court adjourned March 24th, 1922. By Article 845, C. C. P., thirty days were allowed after adjournment in which to file bills of exception. No extension order was made by the court. The bills were not filed until June 17, 1922. They cannot be considered. (See authorities in note under Art. 845, Vernon's Cr. St., 2d Vol., and Vernon's Civ. & Cr. St., Vol. 2, 1922 Supplement.)

We have examined the facts in the record and they support the conviction. It would serve no purpose to set them out here.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant had in his possession a quart bottle of whisky while he was traveling on the train for a distance of about sixteen miles.

There is no affirmative evidence that he possessed it for an unlawful purpose. It is expressly declared in the statute that the possession of a quart of intoxicating liquor creates no inference that it is possessed for an unlawful purpose.

The views of this court touching the law applicable to a similar state of facts have been expressed in detail in the case of Gandy v. State, No. 7579, not yet reported. Following the majority opinion in that case, from which the writer dissented, the motion for rehearing is overruled.

*Overruled.*